UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PATRICIA L. HARVEY,** | ) |
| **PLAINTIFF,** | ) |
| vs. | ) CASE NO. 05-CV-525-FHM |
| **JO ANNE B. BARNHART,** Commissioner of the Social Security Administration, | ) |
| **DEFENDANT.** | ) |

## ORDER

Plaintiff, Patricia L. Harvey, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as

---

[1] Plaintiff's January 7, 2003 application for Disability Insurance benefits was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held March 2, 2004, after which the ALJ scheduled two consultative medical examinations. A subsequent hearing was held by a different ALJ on November 17, 2004. By decision dated December 4, 2004, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on July 15, 2005. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995); *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born April 8, 1965, and was 39 years old at the time of the decision. [R. 13E, 53]. She claims to have been unable to work since December 20, 2001, due to depression and severe breathing problems caused by asthma. [R. 291-292, 323]. The ALJ determined that Plaintiff has severe impairments consisting of asthma, left knee pain and depression. [R. 13F]. Despite these impairments, the ALJ determined Plaintiff retains the residual functional capacity (RFC) to perform sedentary work. [R. 13-H]. Based upon the testimony of a vocational expert (VE) the ALJ found that Plaintiff cannot perform her past relevant work but that a significant number of jobs exist in the economy that Plaintiff could perform. [R. 13J]. He concluded, therefore, that Plaintiff is not disabled as defined by the Social Security Act. [R. 13K]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ's decision is not supported by substantial evidence. The specific allegations of error raised by Plaintiff are: 1) the ALJ did not discuss why Plaintiff did not meet a listing; and 2) the RFC assessment did not include all of

Plaintiff's physical limitations. [Plaintiff's Brief, p. 2]. The Court finds the ALJ did not perform a proper step three evaluation and reverses and remands the case on that basis.

### Step 3 Findings

At step three of the sequential analysis, the ALJ determines whether a claimant's impairment "is equivalent to one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Bowen v. Yuckert,* 482 U.S. 137, 141, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. In evaluating whether a claimant meets or equals the criteria for a listed impairment, the ALJ is required to compare the symptoms, signs, and laboratory findings regarding a claimant's impairments, as shown in the medical evidence associated with the claim, with the medical criteria shown with the listed impairment. 20 C.F.R. §§ 404.1526(a), 416.926(a). When making the determination whether a particular condition meets the requirements of a listed impairment, the ALJ is required at step three to discuss the evidence and explain why he/she found that the claimant was not disabled. *Clifton v. Chater,* 79 F.3d 1007, 1009-1010 (10th Cir.1996); 20 C.F.R. §§ 404.1526, 416.926.

In his decision, the ALJ identified Listing 3.02 as the listing he considered in evaluating Plaintiff's impairment of asthma at step three. [R. 13F]. Listing 3.02 is the listing for chronic pulmonary insufficiency. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 3.02. In explaining his determination that Plaintiff's impairment did not meet a listing, the ALJ cited the medical evidence containing the results of pulmonary function tests. *Id.* He

found that the forced expiratory volume (FEV1) values exceed the volume required in order to meet the listing criteria. *Id.*

The ALJ did not mention the listing for asthma. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, 3.03, *Asthma*. Plaintiff contends that the ALJ's failure to evaluate her impairment under both provisions for Listing 3.03 is reversible error. The Court agrees.

The listing reads as follows:

> 3.03 Asthma. With:
> A. Chronic asthmatic bronchitis. Evaluate under the criteria for chronic obstructive pulmonary disease in 3.02A;
> Or
> B. Attacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year. Each in-patient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks.

20 C.F.R. Pt. 404, Subpt. P, App. 1.

Because Plaintiff clearly identified asthma as her disabling impairment in her application papers [R. 63, 87] and at the hearing [R. 323] and because the ALJ found Plaintiff had a severe impairment of asthma at step two, the ALJ was required to evaluate the evidence under the listing specifically for asthma. Although the ALJ did not state that he was doing so, Defendant implies that the ALJ evaluated Plaintiff's asthma under 3.03A. However, Defendant offers no rationale for the ALJ's failure to continue his evaluation to the provisions of 3.03B. Even if Plaintiff's pulmonary function studies did not meet the level required for Listing 3.03A, she was entitled to have her claim of disability evaluated under Listing 3.03B. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, 3.00 ("Some disorders, such as ... asthma, can be associated with intermittent exacerbations of such frequency and intensity

that they produce a disabling impairment, even when pulmonary function during periods of relative clinical stability is relatively well-maintained.").

Plaintiff asserts the medical evidence supports her contention that she meets the criteria of Listing 3.03B.  In the hospital emergency room treatment records between May 2, 2002 and June 30, 2003, exacerbation of asthma is recorded no less than 12 times. [R. 117, 119, 120, 124, 125, 128, 136, 137, 138, 149, 206, 212].  Even on those occasions when it does not appear that Plaintiff was suffering asthma "attacks" as described in 3.00C, the emergency room examiners noted wheezing and difficulty breathing.[2]  Plaintiff wrote in the "Remarks" portion of her Disability Report that she made many visits to the emergency room and "sometimes [she] was admitted and sometimes [she] wasn't." [R. 70].  The record also shows that Plaintiff was  hospitalized from May 13 to May 15, 2003, which would qualify as two attacks under Listing 3.03B. [R. 206-225].

The ALJ offered no discussion of this evidence during his step three findings. The ALJ failed to explain how he considered and resolved the evidence in the record that was inconsistent with his determination.

Counsel for the Commissioner proffers an explanation as to how the record supports the ALJ's determination that Plaintiff's impairment does not meet the listing

---

[2] 3.00C. *Episodic respiratory disease.*  When a respiratory impairment is episodic in nature, as can occur with exacerbations of asthma ... the frequency and intensity of episodes that occur despite prescribed treatment are often the major criteria for determining the level of impairment.

\* \* \*

Attacks of asthma, ... as referred to in paragraph B of 3.03 ... are defined as prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting.  Hospital admissions are defined as inpatient hospitalizations for longer than 24 hours.  The medical evidence must also include information documenting adherence to a prescribed regimen of treatment as well as a description of physical signs.  For asthma, the medical evidence should include spirometric results obtained between attacks that document the presence of baseline airflow obstruction.  20 C.F.R. 404, Subpt. P, App.1.

because she was frequently noncompliant with medications and she continued to smoke cigarettes. [Defendant's brief, p. 3]. The ALJ did not find in his decision that Plaintiff did not meet Listing 3.03B on this basis and the Court declines the Commissioner's invitation to reach these conclusions for him. A reviewing court cannot make factual determinations on the ALJ's behalf. *See Rapp v. United States Dep't of Treasury*, 52 F.3d 1510, 1515 (10th Cir.1995) (reviewing court may not compensate for deficiencies in an agency's decision "by supplying a reasoned basis for the agency's action that the agency itself has not given.").

Upon remand, the ALJ shall reconsider the evidence and set out his specific findings and his reasons for accepting or rejecting the evidence regarding whether Plaintiff's impairments met or equaled the listings.

## Conclusion

Because the Court finds the ALJ's error at step three is grounds for reversal, Plaintiff's remaining allegations of error are not addressed in this order. In remanding this case, the Court does not dictate the result, nor does it suggest that the record is insufficient. Rather, remand is ordered to assure that a proper analysis is performed and the correct legal standards are invoked in reaching a decision based upon the facts of the case. The decision of the Commissioner finding Plaintiff not disabled is REVERSED and REMANDED to the Commissioner for reconsideration.

SO ORDERED this 19th day of September, 2006.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

6